IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES LITTON MORRIS,
    Petitioner,

vs.                                    Case No. 3:10cv492/RV/EMT

STATE OF FLORIDA,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

    Petitioner, proceeding pro se, commenced this action by filing a "Notice of Appeal/Petition for Writ of Mandamus/Petition for Writ of Certiorari" (Doc. 1). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive actions. *See* N. D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b).

    Upon review of the initial pleading, the court concluded that it was unclear whether a jurisdictional basis existed for this action. Therefore, the court required Petitioner to file an amended pleading clarifying the jurisdictional basis (Doc. 10). Petitioner has now filed a document titled, "Amended Pleading/Statement of Ground of Jurisdiction and Request in the Alternative to Forward to the Appropriate Court" (Doc. 11). Upon review of the amended pleading, the court concludes that Petitioner still has not established a jurisdictional basis for this action. Therefore, it should be dismissed.

    In Petitioner's initial pleading, he named the State of Florida as "Respondent/Appellee" (Doc. 1 at 1). He asked this court to "review and reverse the Unconstitutionalities [sic] that have been committed upon this Petitioner in the above styled cause." (*id.*). The "above-styled cause" appeared to be two state criminal cases prosecuted in the Circuit Court in and for Escambia County, Florida, State v. Morris, Case No. 2005 CF 4390, and State v. Morris, Case No. 2005 CF 4848, as

well as Petitioner's direct appeals of his convictions in those cases and his attempts to obtain certiorari review by the Florida Supreme Court (*id.*). Petitioner asserted the convictions were unconstitutional on the following grounds: (1) his offense was enhanced to a felony and he was then convicted based upon an unconstitutional "Critchfield" prior conviction, specifically, a prior offense in November of 1998; (2) Petitioner was enhanced and convicted based upon prior uncounseled and, therefore, unconstitutional, prior convictions listed in the charging document and Petitioner's pre-sentence investigation report; and (3) fundamental error occurred when the trial court convicted Petitioner based upon prior offenses listed in the pre-sentence investigation report which were described as, "No Final Disposition," and were uncounseled (*id.* at 1–2). As relief, Petitioner sought reversal of his convictions in State v. Morris, Case No. 2005 CF 4390, and State v. Morris, Case No. 2005 CF 4848 (*id.* at 1–2).

The undersigned previously advised Petitioner that Rule 8 of the Federal Rules of Civil Procedure provides that the initial pleading must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Since Petitioner's initial pleading did not state a jurisdictional basis for this action, Petitioner was directed to file an amended pleading which did so (*see* Doc. 10).

In Petitioner's "Amended Pleading," he still asks this court to "review and reverse the wrongful judgment" entered in the two state criminal cases, State v. Morris, Case No. 2005 CF 4390, and State v. Morris, Case No. 2005 CF 4848, on the ground that he sought justice in the state courts and was unsuccessful (Doc. 11). He cites Rules 9.040 and 9.141 of the Florida Rules of Appellate Procedure, which set forth the general provisions of the Florida appellate rules and the Florida appellate rules governing appeal proceedings in criminal cases, respectively, and he argues that this court should apply the "Federal Rules of Court equivalent" (*id.*). However, Petitioner has still has not stated a jurisdictional basis for this action.

As Petitioner was previously advised (*see* Doc. 10), his pleading will not be construed as a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, because habeas corpus relief is only available to those who are "in custody" in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Since it is evident from the record that Petitioner was not in custody when he filed his initial pleading in this case, he does not meet this requirement, and

this court is therefore without jurisdiction to hear the case in habeas corpus.[1]  *See* 28 U.S.C. § 2254(a); Maleng v. Cook, 490 U.S. 488, 490–92, 109 S. Ct. 1923, 1925, 104 L. Ed. 2d 540 (1989); Carafas v. LaVallee, 391 U.S. 234, 238, 88 S. Ct. 1556, 1560, 20 L. Ed. 2d 554 (1968).[2]

Additionally, this court does not have appellate or certiorari jurisdiction to review the state court proceedings. It is well established that federal district courts exercise only original jurisdiction; they lack appellate jurisdiction to review state court decisions reached in administrative and judicial proceedings. *See* District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311–12, 75 L. Ed. 2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923). The Rooker and Feldman decisions have become known as the Rooker-Feldman doctrine. Under the Rooker-Feldman doctrine, federal district courts do not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the Supreme Court on certiorari]." Berman v. Fla. Bd. of Bar Exam'rs, 794 F.2d 1529, 1530 (11th Cir. 1986) (quoting Feldman, 460 U.S. at 486).

Likewise, this court does not have jurisdiction to grant mandamus relief. Federal mandamus is available only to "compel an officer or employee of the United States or any agency thereof to

---

[1] In a previous order denying Petitioner's motion to proceed in forma pauperis, this court referenced Petitioner's pleading as a habeas petition filed pursuant to 28 U.S.C. § 2254 (*see* Doc. 5). At that time, the court had not substantively reviewed Petitioner's initial pleading and was simply attempting to resolve the filing fee issue. Upon substantive review of the initial pleading, it was evident that Petitioner was not in custody when he commenced this action.

[2] The court notes that it does not have authority to issue a writ of audita querela or coram nobis under the All Writs Act, 28 U.S.C. § 1651, since those common law remedies are available to fills gaps in the system of post-conviction remedies for those convicted of federal crimes who are no longer in custody. *See* United States v. Morgan, 346 U.S. 502, 74 S. Ct. 247, 98 L. Ed. 248 (1954); Holt v. United States, 417 F.3d 1172, 1174–75 (11th Cir. 2005) (discussing Morgan); Greene v. United States, 448 F.2d 720, 720 (5th Cir. 1971) (writ of error coram nobis is available to challenge federal conviction where defendant completely served his sentence, and it is properly filed in sentencing court); Theriault v. State of Miss. 390 F.2d 657, 657 (5th Cir. 1968) (coram nobis relief under the "All Writs Statute" was not available in federal court to attack a state criminal judgment); *see also, e.g.*, Wolfson v. Florida, No. 04-12484, 184 Fed. Appx. 866, 2006 WL 1635504, at *1 (11th Cir. 2006) (unpublished) ("A writ of error coram nobis is not available in federal court to directly attack a state criminal judgment."); Adams v. Georgia Dep't of Corr., No. 7:09-CV-123, 2009 WL 3417584, at *1 n.1 (M.D. Ga. Oct. 15, 2009) (petitioner was not in custody pursuant to conviction and sentence issued by federal court; therefore, coram nobis relief was unavailable); Blackwell v. State of Florida, No. 5:07cv183/RS/MD, 2007 WL 2669435, at *1 n.3 (N.D. Fla. Sept. 7, 2007) (writ of coram nobis cannot be used to set aside judgment of another court); Bilal v. Butterworth, No. 3:07cv76/MCR/MD, 2007 WL 946250, at *2 n.2 (N.D. Fla. Mar. 27, 2007) (same).

Case No.: 3:10cv492/RV/EMT

perform a duty owed to the plaintiff." 28 U.S.C. § 1361; *see also* Bailey v. Silberman, 226 Fed. Appx. 922, 924 (11th Cir. 2007). Although federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law, 28 U.S.C. § 1651, a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973);[3] *see also* Rosen v. Cascade Intern., Inc., 21 F.3d 1520, 1527 n.13 (11th Cir. 1994); V.N.A. of Greater Tift County, Inc. v. Heckler, 711 F.2d 1020, 1024 n.5 (11th Cir. 1983). Since Respondent in this case, namely, the State of Florida, is clearly not an officer, employee, or agency of the United States, this court does not have jurisdiction to grant mandamus relief.

Although the court is required to construe Petitioner's pleadings liberally due to his pro se status, *see* Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), pro se litigants are required to follow the same procedural rules as other litigants. *See* Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.1989); *see also* Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999); GJR Investments, Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir.1998). In light of Petitioner's failure to provide a short and plain statement of the grounds for the court's jurisdiction as required by Rule 8(a)(1), and his failure to allege facts that provide a basis for the assumption of jurisdiction, the undersigned recommends dismissal of this action. *See, e.g.*, Hernandez v. Charlotte Corr. Inst., No. 09-15952, 394 Fed. Appx. 667, 2010 WL 33944978, at *1 (11th Cir. 2010) (unpublished) (affirming district court's dismissal, without prejudice, of civil rights action for failure to comply with Rules 8(a) and 10(b));[4] Marshall v. Defendants, No. 06-0840-CB-M, 2008 WL 4155539, at *1 (S.D. Ala. Sept. 2, 2008) (dismissing civil action without prejudice for lack of subject matter jurisdiction or, in the alternative, pursuant to Rule 41(b) of the Federal Rules of Civil

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981.

[4] The undersigned cites Hernandez only as persuasive authority and recognizes that the opinion is not considered binding precedent. *See* 11th Cir. R. 36-2.

Case No.: 3:10cv492/RV/EMT

Procedure for plaintiff's failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure and with the court's orders directing such compliance).

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED without prejudice** for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure and failure to comply with an order of the court.

At Pensacola, Florida, this 30th day of March 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**